IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Cheryl Martin, ) | Civil Action No.: 5:16-cv-02883-JMC |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| South Carolina Department of ) Mental Health, ) | |
| Defendant. ) | |

This matter is before the court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 21) and Plaintiff's Objections to the Magistrate Judge's Report and Request to file a Second Amended Complaint (ECF No. 22). On July 12, 2016, Plaintiff Cheryl Martin ("Plaintiff") filed a Complaint pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., against her former employer, the South Carolina Department of Mental Health (hereafter "Defendant SCDMH"), in the Court of Common Pleas, County of Orangeburg. (ECF No. 1-1.) In Plaintiff's Complaint, she alleges discrimination and retaliation and seeks compensatory, punitive, and emotional damages and equitable relief. On August 19, 2016, Defendant SCDMH filed a Notice of Removal of Plaintiff's Complaint in this court and filed a Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss ") under the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), claiming Plaintiff's ADEA claims were barred by sovereign immunity. (ECF Nos. 1, 4).

On September 20, 2016, Plaintiff filed a memorandum opposing Defendant's Motion to Dismiss. (ECF No. 10.) Plaintiff also filed a Motion to Amend Complaint (ECF No. 11), to which

1

Defendant did not object. On September 26, 2016, the court granted this motion. (ECF No. 12.) Plaintiff's Amended Complaint alleges discrimination and retaliation under the ADEA, but seeks "equitable relief, including without limitation judgment compelling employment, reinstatement, or promotion, and any such other relief as the Court may deem just and proper." (ECF No. 13.) On October 7, 2016, Defendant SCDMH filed a Motion to Dismiss the Amended Complaint. (ECF No. 16.) On October 24, 2016, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss. (ECF No. 17.)

The court referred the action to Magistrate Judge Kaymani D. West, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), for a Report and Recommendation. In the Report, dated March 10, 2017, the Magistrate Judge recommended that the court grant Defendant's Motion to Dismiss the Amended Complaint (ECF No. 16) and that all claims for monetary and injunctive relief be dismissed with prejudice as to Defendant SCDMH. (ECF No. 21.) The Magistrate Judge determined that Eleventh Amendment immunity would apply to bar claims against state agencies for equitable relief. (*Id.*)

On March 24, 2017, Plaintiff filed objections (ECF No. 22) to the Magistrate Judge's Report ("Objections"), stating that the Report erred in several grounds. Plaintiff states that the Magistrate Judge recommended that her case be dismissed because Defendant SCDMH was named in the suit and not as a state officer acting in its official capacity. (ECF No. 22 at 3.) Plaintiff objects to this finding, but requests that the court allow her to amend the Complaint in order to remove SCDMH as the named Defendant and replace this Defendant with John H. Magill in his official capacity as the State Director of the South Carolina Department of Mental Health. (*Id.*)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound

by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

To the extent this matter is before this court on the Magistrate Judge's Report and Recommendation, the court accepts the Magistrate Judge's recommendation that Defendant SCDMH be dismissed from this action because state agencies are immune from suits for equitable relief pursuant to the Eleventh Amendment immunity for ADEA claims.

The court now addresses Plaintiff's request in her Objections to file a Second Amended Complaint. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Denial of leave to amend should occur "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

On April 7, 2017, Defendant filed a Reply to Plaintiff's Objections and Request to file a Second Amended Complaint. (ECF No. 23.) Defendant argues that Plaintiff's request is procedurally improper because Plaintiff did not file a motion seeking leave to amend her Amended Complaint, nor did she provide a proposed Second Amended Complaint. (*Id.*) In the interest of justice and consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the court will consider Plaintiff's request in her Objections to file a Second Amended

Complaint to be an appropriate alternative procedure. Once Plaintiff files a Second Amended Complaint, Defendant is entitled to file a responsive pleading. *See Foman v. Davis,* 371 U.S. 178, 181-82 (1962), citing Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Furthermore, the court finds no prejudice to Defendant SCDMH in granting Plaintiff's request to file a Second Amended Complaint to replace it with John H. Magill in his official capacity as the State Director of the South Carolina Department of Mental Health during this period in the proceedings.

Based on the written submissions of the parties, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21) that Defendant the South Carolina Department of Mental Health be dismissed from this action and therefore **GRANTS** Defendant's Motion to Dismiss the Amended Complaint (ECF No. 16). The court further **GRANTS** Plaintiff's Request to file a Second Amended Complaint. No later than fourteen (14) days from the date this Order is filed, Plaintiff may file a Second Amended Complaint. If Plaintiff files a timely Second Amended Complaint, this matter shall be referred to the Magistrate Judge for further proceedings consistent with this Order.

    **IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

August 29, 2017
Columbia, SC